UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHASE HUNTER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 25-30122-MGM |
| ARIANE VUONO, et al., | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

October 16, 2025

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

Chase Hunter ("Plaintiff"), who is representing herself in this action, brings this action under 42 U.S.C. § 1983 ("§ 1983") against Associate Justices of the Massachusetts Appeals Court Ariane Vuono, Andrew D'Angelo, and Robert Brennan ("Defendants"). (Dkt. No. 1). Plaintiff has also filed a motion for leave to proceed *in forma pauperis* and a motion for leave to file electronically. (Dkt. Nos. 2, 3). For the reasons set forth below, the court will GRANT the motion for leave to proceed *in forma pauperis* and DISMISS this action. The court will also deny the motion for electronic filing as moot.

## II. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon review of Plaintiff's motion for leave to proceed *in forma pauperis*, the court GRANTS the same.

## II. REVIEW OF THE COMPLAINT

Because Plaintiff is proceeding *in forma pauperis*, the court may conduct a preliminary screening of her complaint pursuant to 28 U.S.C. § 1915(e)(2). This statute requires the court to review the pleadings of a litigant proceeding *in forma pauperis* and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a party that is immune to such relief. In conducting this review, the court liberally construes Plaintiff's complaint because she is proceeding *pro se*. *See Erikson v. Pardus*, 551 U.S. 89, 94 (2007).

### A.  Plaintiff's Statement of Her Claim

Plaintiff's allegations concern Defendants' adjudication of appeals from orders Defendants entered in an action concerning the probate of the estate of Plaintiff's mother. The proceeding originated in the Hampden County Probate and Family Court. In summarizing her claim, Plaintiff alleges that Defendants have:

> 1) done acts that a judge does not ordinarily do, 2) done acts that a judge is prohibited from doing, 3) done acts that usurped the authority of the executive branch of government, 4) done acts that usurp the authority of the legislative branch of government, and 5) done acts that are personal – and denied all of [Plaintiff]'s requests to admit evidence and for evidentiary hearings prior to entering orders that affect [Plaintiff]'s substantive rights.

(Dkt. No. 1 at 4). Plaintiff's complaint includes thirty-one (31) pages of typed, numbered paragraphs in which she identifies Defendants' alleged misconduct. (*Id.* at 6-36). Plaintiff filed with her complaint decisions of the Appeals Court requiring her to pay $30,044 in attorney's fees and finding that Plaintiff could not appeal interlocutory judgments. (Dkt. No. 3-1 at 31-33, 35-37). Plaintiff seeks damages and injunctive relief.

### B.     Discussion

#### 1.     Official Capacity Claims

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In contrast, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690, n. 55 (1978)).

Plaintiff states that she is suing each defendant "individually and as Associate Justice of Massachusetts Appeals Court." (Dkt. 1 at 2). To the extent Plainitff is suing the Defendants in their official capacity, said claim fails as a matter of law. Neither a state nor a state official acting in her official capacity is subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Segrain v. Duffy*, 118 F.4th 45, 72 n.16 (1st Cir. 2024) ("There is no right of action under § 1983 against the state itself or state officials sued in their official capacities, because such officers are not considered "persons" subject to suit under the statute.").

Because Plaintiff is suing the Defendants for the actions they have taken under state law, the court treats this action as one against the Defendants in their individual capacity.

#### 2.     Individual Capacity Claims

Plaintiff's individual capacity claims for damages against Defendants fail to state a claim upon which relief may be granted because of Defendants' judicial immunity. Judges are immune "from liability for damages for acts committed within their judicial jurisdiction . . . even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Zenon v. Guzman*, 924 F.3d 611, 616-17 (1st Cir. 2019) (discussing doctrine of judicial immunity).

In addition, injunctive relief against the Defendants is not available. Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's

3

judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Neither circumstance exists in this case.

### III. CONCLUSION

For the foregoing reasons, the court hereby orders:

1. The motion for leave to proceed *in forma pauperis* is GRANTED.

2. This action is DISMISSED.[1]

3. The motion for leave to file electronically is denied as moot.

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge

---

[1] Because the deficiencies of Plaintiff's claims cannot be cured through amendment, the court dismisses this action without first allowing Plaintiff to file an amended pleading. *See Gonzalez Gonzalez v. United*, 257 F.3d 31, 36-37 (1st Cir. 2001) (stating that "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand").